# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7384 | **DATE** | October 21, 2011 |
| **CASE TITLE** | Lance Vanorsby (#K-77825) vs. Warden Gerardo Acevedo | | |

**DOCKET ENTRY TEXT:**

Petitioner's motion to proceed *in forma pauperis* [3] is granted. Respondent is ordered to answer the petition or otherwise plead within twenty-one days of the date of this order. Petitioner's motion for appointment of counsel [4] is respectfully denied as premature.

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

Lance Vanorsby, a state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction for armed robbery on the grounds that: (1) the police lacked probable cause to arrest him and had insufficient justification for placing him in a lineup; and (2) the State elicited perjured testimony.

Based on Petitioner's showing that he is indigent – he has a negative balance in his prison trust account – his motion to proceed *in forma pauperis* [3] is granted.

Petitioner maintains that he has exhausted state court remedies as to his claims relating to the purportedly illegal seizure; he additionally maintains that his perjury claim is newly discovered. Petitioner also appears to have filed this action in a timely manner. Accordingly, Respondent is ordered to answer the petition or otherwise plead within twenty-one days of the date this order is entered on the Clerk's docket. This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion, procedural default, or timeliness arguments it may wish to present.

Petitioner is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Petitioner must provide the Court with the original plus a judge's copy (including a complete copy of any exhibits) of every document filed. In addition, Petitioner must send an exact copy of any court filing to the Chief, Criminal Appeals Division, Attorney General's Office, 100 West Randolph Street, 12th

**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

Floor, Chicago, Illinois 60601.  Every document filed by Petitioner must include a certificate of service stating to whom exact copies were sent and the date of mailing.  Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Petitioner.

Petitioner's motion for appointment of counsel is respectfully denied at this time as premature.  Counsel must be appointed in a habeas corpus proceeding only if an evidentiary hearing is needed or if interests of justice so require.  *See* Rule 8(c), Rules Governing Section 2254 Cases.  Whether the interests of justice require appointment of counsel in this case cannot be determined until after the Court has had an opportunity to review and consider Respondent's answer to the petition.

**STATEMENT (continued)**